[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10155
Non-Argument Calendar
_____

BIA No. A97-385-145

ERMAL AMETAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 18, 2007)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Ermal Ametaj, a native and citizen of Albania, seeks review of the Board of

Immigration's ("BIA") decision affirming the immigration judge's ("IJ") removal order and denying his claim for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[1]  Ametaj argues that substantial evidence does not support the BIA's adverse credibility finding, and that the evidence in the record compels reversal.  Ametaj also contends that the IJ erred in its finding that he did not suffer past persecution.  We note that the BIA only denied Ametaj's claim based on an adverse credibility finding.

We review the BIA's factual determination that an alien is ineligible for asylum for substantial evidence.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Under this highly deferential standard, we must affirm "unless a reasonable factfinder would have to conclude that the requisite fear of persecution existed."  *Id.* (quotation marks omitted).  We review credibility determinations under the same standard, and may not substitute our judgment for that of the BIA.  *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004).

It is well settled that an adverse credibility determination alone may be sufficient to support the BIA's decision to deny an application for asylum, particularly where there is no other evidence of persecution.  *Forgue v. U.S. Att'y*

---

[1]Ametaj also sought relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). Because he does not contest the BIA's denial of this claim, he has abandoned this claim. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

2

*Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005); *see also D-Muhumed*, 388 F.3d at 819. Even if the BIA makes an adverse credibility determination, the BIA still must "consider the other evidence produced by an asylum applicant." *Forgue*, 401 F.3d at 1287.

Here the BIA made a clean adverse credibility determination, and substantial evidence supports its findings. *Cf. Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). Ametaj had several inconsistences between his testimony and asylum application. Ametaj testified about several instances of violence against him in Albania. However, he was inconsistent as to the dates in which at least one of the alleged attacks occurred. Furthermore, he testified inconsistently with his application about who perpetrated the various attacks and how many people participated. For example, he asserted on his application that four civilians captured him in a van, but testified that the men were police officers in civilian clothes. He also stated on his application that he was arrested by one officer at his home, but testified that three officers arrested him.

The BIA also properly considered the other evidence in the record and found that it did not corroborate Ametaj's claims. *See Forgue*, 401 F.3d at 1287. Therefore, the BIA did not err in denying Ametaj's claim. We do not review Ametaj's claim that the IJ erred in its past persecution analysis because the BIA denied his claim based on an adverse credibility finding and only the BIA's

3

decision is under review. *See Al Najjar,* 257 F.3d at 1284. Accordingly, we deny

Ametaj's petition.

**PETITION DENIED.**